RECEIPT #_____
AMOUNT $ 150 —
SUMMONS ISSUED YES
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. Kim Aboud
DATE 1-6-04

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| FREDERICK J. HERRICK, SR.<br>Plaintiff<br>v.<br><br>ROLAND D. HUGHES, ESQUIRE<br>Defendant | COMPLAINT<br><br>04-10020 RWZ<br><br>MAGISTRATE JUDGE _____ |

### INTRODUCTION

1. This is a cause of action for legal malpractice.

### JURISDICTION

2. Jurisdiction is based on admiralty jurisdiction pursuant to 28 U.S.C. § 1333.

### PARTIES

3. The plaintiff, FREDERICK HERRICK, is a resident of Malden, Massachusetts.

4. The defendant, ROLAND D. HUGHES, ESQUIRE, (hereinafter "Hughes") is an attorney with a usual place of business at 14 Norwood Street, Everett, Massachusetts.

### FACTUAL ALLEGATIONS

5. On February 17, 2002, while the plaintiff was a passenger onboard the M/V FANTASY, a vessel owned and/or operated by Carnival Cruise Lines, and while in navigable waters, he sustained serious personal injuries as a result of the negligence of the said vessel, its crew, captain, owners, and/or operators.

6. Said negligence was that a suspended upper bunk collapsed onto the plaintiff, causing severe personal injuries to the plaintiff.

7. The plaintiff was extensively treated for these injuries, both aboard the vessel as well as when he returned home.

8. On or about March, 2002 the plaintiff consulted with Attorney Roland Hughes, Esquire, Everett, Massachusetts, and retained him to represent him in his claim for personal injuries sustained by him.

9. During the course of his representation of the plaintiff, Roland Hughes, Esquire failed to file suit on behalf of the plaintiff in a timely fashion prior to the expiration of the statute of limitations.

10. On February 21, 2003, Carnival Cruise Lines sent a letter to the plaintiff's attorney, Roland Hughes, Esquire, informing him that, no complaint having been filed in Court within the allotted time period, "the claim was time barred under the express terms and conditions of Carnival's enforceable passenger contract."

11. Defendant's conduct in failing to timely file a lawsuit on behalf of plaintiff was a breach of defendants' duty to exercise reasonable care, skill and diligence on plaintiff's behalf.

## Count I
### (Negligence)

12. Paragraphs 1-11 are adopted by reference.

13. The defendant had a duty to exercise care, skill and knowledge in providing legal services to the plaintiff, and breached that duty.

14. As a direct and proximate result of the defendant's breach, the plaintiff lost all claims for the recovery of damages for his claim for serious personal injuries.

## REQUEST FOR RELIEF

WHEREFORE, the plaintiff demands as follows:

1. That this court enter judgment in plaintiff's favor against the defendant Hughes in the amount of damages, plus interest and costs.

2. For such other and further relief as this court deems appropriate.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS

Respectfully submitted,
By his attorney,

*David B Kaplan*
DAVID B. KAPLAN, ESQ. BB0#258540
THE KAPLAN/BOND GROUP
Boston Fish Pier West Building, Suite 304
Boston, MA 02210
(617) 261-0080

Dated: January 5, 2004